IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HOLLEY JONES (# R8361)                                    PETITIONER

v.                                                  No. 4:07CV133-P-B

WARDEN JENKIN, ET AL.                                   RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition and amended petition of Holley Jones, who challenges his state conviction and sentence for armed robbery. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d), and the petitioner has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, all the claims in the instant petition shall be dismissed either as untimely filed under 28 U.S.C. § 2244(d) or as procedurally defaulted.

Facts and Procedural Posture

Holley Jones pled guilty to armed robbery in the Circuit Court of Washington County, Mississippi. The court sentenced him on April 9, 1999, to serve a term of ten years; however, the court suspended the sentence and ordered the petitioner to be placed in the RID[1] program for a period of 180 days. The petitioner was, however, ineligible for the RID program because he pled guilty to armed robbery. As such, the Mississippi Department of Corrections placed the petitioner in the general population.

Jones sought post-conviction relief on June 7, 2000, in light of the confusion over his

---

[1]RID is an acronym for "Regimented Inmate Discipline." The program places qualifying inmates in a military-style environment of strict discipline for 180 days in lieu of a regular (usually much longer) term in a state penitentiary.

eligibility for the RID program. On April 5, 2001, the Circuit Court of Washington County granted the motion for post-conviction relief – and entered an "Amended Sentencing Order," sentencing the petitioner to ten years incarceration, with the entire sentence suspended, and placing the petitioner on supervised release for a period of five years. The court thus vacated the portion of the original sentencing order in which Jones was sentenced to the RID program and amended the sentencing order, leaving the remaining terms of the original order in full force and effect. The order explicitly stated that its effective date is that of the original sentencing order – April 9, 1999.

The petitioner violated the terms of his probation, which was revoked April 3, 2006. As a result of the revocation, the trial court sentenced the petitioner to serve eight years of his original ten-year sentence in the custody of MDOC.[2] The petitioner, through counsel, filed "Defendant's Motion for Post-Conviction Collateral Relief" in the Washington County Circuit Court challenging his revocation on February 28, 2007. By Order filed March 27, 2007, Jones' motion was denied and the matter dismissed. Jones appealed the lower court's denial of relief to the Mississippi Supreme Court, and on November 29, 2007, the supreme court dismissed the appeal for failure to file the brief of appellant. Jones filed the instant petition for a writ of *habeas corpus* August 15, 2007.

---

[2]The petitioner served approximately two years in the penitentiary while prosecuting his first state petition for post-conviction relief – which was successful. It appears that the trial court took the petitioner's time served into account when determining what sentence he should serve after violating the terms of post-release supervision.

## Grounds for Relief[3]

The petitioner sets forth the following grounds for relief:

1. The sentence imposed breaches the plea agreement presented to the petitioner because Mississippi statutory law does not permit one convicted of armed robbery to participate in the RID Program;

2. The court imposed a sentence (diversion to the Regimented Inmate Discipline Program) that is not permissible under the law; as such, the petitioner's endorsement of the plea agreement is void;[4] and

3. Under Mississippi statutory law, after revocation of the petitioner's parole, the trial court should only have imposed a sentence of just over three years (from April 3, 2006, to April 9, 2009), rather than eight years.

## One-Year Limitations Period

Resolution of the first two grounds in this petition for a writ of *habeas corpus* rests with 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The court has restated the petitioner's claims in the interest of clarity.

[4] Grounds 1 and 2 raise the same issue and shall be discussed as such.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the first two grounds of his federal petition, Jones has challenged his original plea and sentence – not the revocation of his supervised release. The court has therefore calculated the limitations period to run from the date the judgment became final on the petitioner's plea of guilty. Mississippi statutes contain no provision for a direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner's conviction thus became final on May 12, 1999, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The one-year limitations period would therefore place the deadline for filing a federal *habeas corpus* petition – or filing a state motion for post-conviction collateral relief to toll the statute – on May 12, 2000. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). Jones did not, however, file any state post-conviction motions challenging his conviction for armed robbery on or before May 12, 2000. Hence, the tolling provision of §2244(d)(2) does not apply, and the instant petition for a writ of *habeas corpus* must be dismissed as untimely filed.

Under the "mailbox rule," a petitioner's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, Jones did not sign his petition;

however, the petition was received and stamped as "filed" in the district court on August 15, 2007. The court shall therefore allow the standard three days for U.S. Mail delivery to determine date Jones deposited the petition with prison officials for mailing, placing the filing date of the federal petition on August 12, 2007. The instant petition was therefore filed 2,648 days after the May 12, 2000, federal *habeas corpus* deadline. The petitioner was not actively misled or prevented in some extraordinary way from asserting his rights; therefore he may not invoke equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The Grounds 1 and 2 of the instant petition shall therefore be dismissed with prejudice as untimely filed.

Even if the court were to construe the petitioner's claims to challenge the amended sentencing order of April 5, 2001, his federal *habeas corpus* petition would still be untimely filed. The amended sentencing order was filed April 5, 2001, and made effective as of the date of the original sentencing. Therefore, even if the court used the factual predicate exception of 28 U.S.C. § 2244(d) (1)(D) to run the limitations period from the date of the trial court's amended sentencing order, the petitioner would only have had until April 5, 2002, either to file a federal *habeas corpus* petition or to file another state court pleading to toll the limitations period. He did not, however, file his second state post-conviction pleading until February 28, 2007, long after his federal *habeas corpus* deadline expired. As such, Grounds 1 and 2 of the instant petition for writ of *habeas corpus* would still have to be dismissed as untimely filed.

## Procedural Default

Holley Jones has also challenged the sentence imposed after his supervised release was revoked. He has not, however, exhausted his state court remedies for this last ground, as his appeal was dismissed November 29, 2007, for failure to file a brief of appellant. *See* 2254(b)(1)

(requiring exhaustion). He would now be barred under state law if he returned to state court. MISS. R. APP. P. 41(e) (fourteen-day deadline to amend or correct mandate). As such, the petitioner's claim is now procedurally barred. *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995). When the petitioner's own procedural default leaves state remedies unavailable to him, a federal court may not review those claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Jones has not alleged cause for his procedural default or resulting prejudice; neither has he argued that a fundamental miscarriage of justice will occur if the court finds this claim to be defaulted. As such, Ground 3 of the instant petition shall be dismissed under the doctrine of procedural default. *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565; *Engle,* 456 U.S. at 128-131, 102 S.Ct. at 1572-73; *Wainwright v. Sykes,* 433 U.S. 72, 85-93, 97 S.Ct. 2497, 2506-09, 53 L.Ed.2d 594 (1977).

In sum, all of the petitioner's claims in the instant petition for a writ of *habeas corpus* shall be dismissed either as untimely filed under 28 U.S.C. § 2244(d) or as procedurally defaulted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE